**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT DUNN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE HARTFORD, )<br>)<br>    Defendant. ) | Case No. 07-cv-6601<br><br>Judge Manning<br>Magistrate Judge Valdez |

## ANSWER TO COMPLAINT

Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford"), incorrectly sued as THE HARTFORD, by its attorneys, Donald A. Murday, Joseph R. Jeffery, and Chittenden, Murday & Novotny LLC, for its Answer to Plaintiff's Complaint states as follows:

*Count I*
*Jurisdiction and Venue*

1.  This is an action between citizens of different states. The plaintiff is a citizen of the State of Illinois. Defendant, The Hartford, is a citizen of Connecticut, with its principal place of business in Hartford, Connecticut. The matter in controversy involves in excess of $75,000.00, exclusive of interest and costs. Therefore, jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1332.

**ANSWER:** Hartford admits that Plaintiff is a citizen of the State of Illinois, that this action is between citizens of different states, that the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and that this Court has jurisdiction pursuant to 28 U.S.C. §1332. Answering further, Hartford denies the remaining averments of Paragraph 1.

2.  Venue is proper in this district since a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois. 28 U.S.C. §l391(a).

**ANSWER:** Answering Paragraph 2, Hartford admits the averments of Paragraph 2.

*Nature of Action*

3. This is a claim for breach of a contract of disability income insurance issued by the defendant to the plaintiff to provide monthly disability income benefits to plaintiff if he became disabled. Plaintiff also alleges that defendant is guilty of unreasonable and vexatious delay in its refusal to pay disability income benefits to the plaintiff, and that plaintiff is entitled to recover penalties and attorneys' fees pursuant to 215 ILCS 5/155.

**ANSWER:** Hartford admits only that Plaintiff contends that Hartford breached a contract to provide monthly benefits to Plaintiff in the event that he became "Totally Disabled" as defined by the contract. Answering further, Hartford admits only that Plaintiff contends that Hartford is liable to him under 215 ILCS 5/155. Hartford denies the remaining averments of Paragraph 3.

4. The plaintiff, ROBERT DUNN ("Dunn"), DOB 06/02/1951, is a resident of Northbrook, Illinois.

**ANSWER:** Answering Paragraph 4, Hartford admits on information and belief that Plaintiff's date of birth is June 2, 1951 and that Plaintiff is a resident of Northbrook, Illinois.

5. The defendant, The Hartford ("Hartford"), is an insurance company authorized and engaged in insurance business in the State of Illinois and in Cook County.

**ANSWER:** Answering Paragraph 5, Hartford denies the averments of Paragraph 5.

*Statement of Facts*

6. For and in consideration of premiums paid, Dunn received disability insurance coverage under a Group policy for members of B'nai B'rith issued by the Hartford providing for payment of monthly indemnity of $1,200 a month in the event Dunn became "totally disabled." The Policy uses the following definition to determine disability:

> "Total Disability/Totally Disabled" means that, during the Elimination Period and the Insured Employee Occupation Period (24 months), the Insured, because of Injury or Sickness, is:
>
> 1. continuously unable to perform the substantial and material duties of his regular occupation;

    2. under the regular care of a licensed physician other than himself; and

    3. not gainfully employed in any occupation for which he is or becomes qualified by education training or experience.

Thereafter, "Total Disability' means that, because of Injury or Sickness the Insured is:

    1. continuously unable to engage in any occupation for which he is or becomes qualified by education; training or experience; and

    2. under the regular care of a licensed physician other than himself

(A true and correct copy of the entire policy of insurance is attached hereto as Exhibit "A" and by that reference incorporated herein.)

**ANSWER:** Hartford admits that in consideration for premiums paid Plaintiff was covered under a group disability policy it issued to B'nai B'rith International, Inc. offering coverage to that organization's eligible members in accordance with the policy's terms, conditions, limitations, and exclusions, and that Hartford paid Plaintiff $1,200 per month while he was "Totally Disabled" as defined in the contract. Answering further, Hartford admits that a copy of the policy of insurance is among the documents attached to Plaintiff's Complaint as Exhibit A. Hartford denies the remaining averments of Paragraph 6.

    7. In consideration of premiums paid, said policy has remained in full force and effect from the date of its inception.

**ANSWER:** Hartford admits the averments of Paragraph 7.

    8. Dunn was employed as a floor broker until December 4, 1996. On that date he was unable to continue working after being bumped and aggravating a back injury.

**ANSWER:** Hartford admits that Plaintiff was employed as a floor broker until December 4, 1996. Answering further, Hartford admits that on December 4, 1996, Plaintiff was

bumped, aggravating a back injury that left him unable to continue working for a period of time.

Hartford denies the remaining averments of Paragraph 8.

9.   Dunn applied for and received disability benefits beginning January 5, 1997. These benefits continued without interruption until October 30, 2006.

**ANSWER:**   Hartford admits the averments of Paragraph 9.

10.   While receiving benefits from the Hartford, Dunn's disability was supported by his treating physicians on a continuous basis.  On October 30, 2006, Hartford terminated Dunn's benefits despite a lack of change in Dunn's condition.

**ANSWER:**   Hartford admits that it terminated Plaintiff's benefits under the contract on October 30, 2006.  Hartford denies the remaining averments of Paragraph 10.

11.   Despite support for Dunn's claim with records and reports from treating and examining physicians and a report by a certified rehabilitation counselor/vocational expert finding Dunn's impairments would keep him from performing his duties as a floor broker, the Hartford has refused and continues to refuse to make benefit payments despite a demand by plaintiff that it do so.

**ANSWER:**   Hartford admits only that it has refused and continues to refuse to pay benefits to Plaintiff because he is not "Totally Disabled" as defined by the contract.  Hartford denies the remaining averments of Paragraph 11.

12.   As a result of the foregoing, there is due and owing to the plaintiff by reason of defendant's breach of the foregoing contract of insurance, payments due since approximately July of 2004, as well as well as interest payable thereon at a rate of 4% per annum pursuant to 215 ILCS 5/357.9.  In addition thereto, plaintiff is entitled to a declaratory judgment declaring him ongoing entitlement to monthly benefits so long as he continues to meet the terms and conditions of the insurance policy.

**ANSWER:**   Hartford denies the averments of Paragraph 12.

**WHEREFORE,** Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, denies that Plaintiff is entitled to the relief sought in Count I, or to any relief

whatsoever, and hereby requests judgment in its favor and against Plaintiff on Count I of his Complaint.

### *Count II*

1-12. Plaintiff re-alleges paragraphs 1-12 of Count I as paragraphs 1-12 of Count II of this Complaint, and by that reference, incorporates those allegations herein.

**ANSWER:** Hartford asserts its responses to Paragraphs 1-12 of Plaintiff's Count I as and for its responses to Paragraphs 1-12 of Plaintiff's Count II.

13. There is and was in effect in the State of Illinois at all times relevant hereto, a statute codified at 215 ILCS 5/155 which allows the court to assess penalties and attorneys' fees against an insurance company that acts vexatiously and unreasonably.

**ANSWER:** Hartford denies the averments of Paragraph 13 on the grounds that the provisions of 215 ILCS 5/155 speak for themselves.

14. Hartford's refusal to grant Dunn his benefit payments in the face of the medical and vocational evidence establishing his disability, constitutes an unreasonable and vexatious delay or refusal of payment on a claim since defendant has refused to make disability payments despite the submission of valid and well-supported proofs of claim, and there is no legitimate dispute as to plaintiff's entitlement to benefits.

**ANSWER:** Hartford denies the averments of Paragraph 14.

**WHEREFORE**, Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY denies that Plaintiff is entitled to the relief sought in Count II, or to any relief whatsoever, and hereby requests judgment in its favor and against Plaintiff on Count II of his Complaint.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

By: /s/Joseph R. Jeffery
One of its Attorneys

Donald A. Murday
Joseph R. Jeffery
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (fax)
O:\HA815\41091-Dunn\PLDGS\Answer to Complaint.doc

*Certificate of Service*

  I hereby certify that on **March 11, 2008** I electronically filed the foregoing I filed the foregoing Defendant Hartford Life and Accident Insurance Company's Answer to Complaint with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

    David A. Bryant, Esq.
    Daley, DeBofsky & Bryant
    55 W. Monroe Street, Suite 2440
    Chicago, Illinois  60603
    dabryant@ddbchicago.com


**DATED** this **11th** day of **March, 2008.**

                /s/ Joseph R. Jeffery  _____
              CHITTENDEN, MURDAY & NOVOTNY LLC
              303 West Madison Street, Suite 1400
              Chicago, Illinois  60606
              (312) 281-3600
              (312) 281-3678 (fax)
              jjeffery@cmn-law.com