IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6601 |
| | ) | |
| v. | ) | |
| | ) | Judge Manning |
| THE HARTFORD LIFE AND ACCIDENT | ) | Magistrate Judge Valdez |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

Now comes the plaintiff, ROBERT DUNN, by his attorneys, DAVID A. BRYANT and DALEY, DE BOFSKY & BRYANT, and complaining against the defendant, THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, he states:

*Count I*

*Jurisdiction and Venue*

1. This is an action between citizens of different states. The plaintiff is a citizen of the State of Illinois. Defendant, Hartford Life and Accident Insurance Company, is a citizen of Connecticut, with its principal place of business in Connecticut. The matter in controversy involves in excess of $75,000.00, exclusive of interest and costs. Therefore, jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1332.

2. Venue is proper in this district since a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois. 28 U.S.C. §1391(a).

*Nature of Action*

3. This is a claim for breach of a contract of disability income insurance issued to the plaintiff to provide monthly disability income benefits to plaintiff if he became disabled.

Plaintiff also alleges that defendant is guilty of unreasonable and vexatious delay in its refusal to pay disability income benefits to the plaintiff, and that plaintiff is entitled to recover penalties and attorneys' fees pursuant to 215 ILCS 5/155.

4.     The plaintiff, ROBERT DUNN ("Dunn"), DOB 06/02/1951, is a resident of Northbrook, Illinois.

5.   The defendant, Hartford Life and Accident Insurance Company, is an insurance company authorized and engaged in insurance business in the State of Illinois and in Cook County.

### *Statement of Facts*

6.   For and in consideration of premiums paid, Dunn received disability insurance coverage under a Group policy for members of B'nai Brith originally issued by Continental Casualty Company ("CNA"), later purchased by Hartford Life and Accident Insurance Company as a successor in interest to CNA, providing for payment of monthly indemnity of $1,200 a month in the event Dunn became "totally disabled."  The Policy uses the following definition to determine disability:

> "Total Disability/Totally Disabled" means that, during the Elimination Period and the Insured Employee Occupation Period (24 months), the Insured, because of Injury or Sickness, is:
>
> 1. continuously unable to perform the substantial and material duties of his regular occupation;
>
> 2. under the regular care of a licensed physician other than himself; and
>
> 3. not gainfully employed in any occupation for which he is or becomes qualified by education training or experience.
>
> Thereafter, "Total Disability" means that, because of Injury or Sickness the Insured is:
>
> 1. continuously unable to engage in any occupation for which he is or

becomes qualified by education, training or experience; and

    2.  under the regular care of a licensed physician other than himself.

(A true and correct copy of the entire policy of insurance is attached hereto as Exhibit "A" and by that reference incorporated herein.)

7.  In consideration of premiums paid, said policy has remained in full force and effect from the date of its inception.

8.  Dunn was employed as a floor broker until December 4, 1996.  On that date he was unable to continue working after being bumped and aggravating a back injury.

9.  Dunn applied for and received disability benefits beginning January 5, 1997.  These benefits continued without interruption until October 30, 2006.

10.  While receiving benefits from the defendant, Dunn's disability was supported by his treating physicians on a continuous basis.  On October 30, 2006, defendant terminated Dunn's benefits despite a lack of change in Dunn's condition.

11. Despite support for Dunn's claim with records and reports from treating and examining physicians and a report by a certified rehabilitation counselor/vocational expert finding Dunn's impairments would keep him from performing his duties as a floor broker, defendant has refused and continues to refuse to make benefit payments despite a demand by Dunn that it do so.

12.  As a result of the foregoing, there is due and owing to the plaintiff by reason of defendant's breach of the foregoing contract of insurance, payments due since approximately July of 2004, as well as well as interest payable thereon at a rate of 4% per annum pursuant to 215 ILCS 5/357.9.  In addition thereto, plaintiff is entitled to a declaratory judgment declaring his ongoing entitlement to monthly benefits so long as he continues to meet the terms and conditions of the insurance policy.

WHEREFORE, plaintiff prays for judgment against defendant in an amount equal to the accrued amount of benefits through judgment, a declaration that benefits are to continue so long as plaintiff continues to meet the policy requirements for payment of disability benefits, prejudgment interest upon all accrued benefits, and all other relief to which plaintiff is entitled, including his costs of suit.

### *Count II*

For Count II of his complaint, plaintiff states:

1-12. Plaintiff re-alleges paragraphs 1-12 of Count I as paragraphs 1-12 of Count II of this Complaint, and by that reference, incorporates those allegations herein.

13. There is and was in effect in the State of Illinois at all times relevant hereto, a statute codified at 215 ILCS 5/155 which allows the court to assess penalties and attorneys' fees against an insurance company that acts vexatiously and unreasonably.

14. Defendant's refusal to grant plaintiff his benefit payments in the face of the medical and vocational evidence establishing his disability, constitutes an unreasonable and vexatious delay or refusal of payment on a claim since defendant has refused to make disability payments despite the submission of valid and well-supported proofs of claim; and there is no legitimate dispute as to plaintiff's entitlement to benefits.

WHEREFORE, plaintiff prays for the following relief:

A.  That plaintiff be awarded judgment in his favor and against the defendant as provided for in Count I of this Complaint.

B.  That defendant be assessed the maximum penalty allowable pursuant to 215 ILCS 5/155, and that defendant be ordered to pay plaintiff's attorney's fees and court costs.

- 5 -

Respectfully submitted,

/s/ David A. Bryant
David A. Bryant
One of the attorneys for Plaintiff

Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60603
(312) 372-5200
(312) 372-2778 (fax)