**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT DUNN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 07-cv-6601** |
| **v.** | ) | |
| | ) | **Judge Manning** |
| **THE HARTFORD LIFE AND** | ) | **Magistrate Judge Valdez** |
| **ACCIDENT INSURANCE COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

("Hartford"), by its attorneys, Donald A. Murday, Joseph R. Jeffery and Chittenden, Murday &

Novotny LLC, for its Answer to Plaintiff's First Amended Complaint states as follows:

### Count I
### Jurisdiction and Venue

1.      This is an action between citizens of different states.  The plaintiff is a citizen of the State of Illinois.  Defendant, Hartford Life and Accident Insurance Company, is a citizen of Connecticut, with its principal place of business in Connecticut.  The matter in controversy involves in excess of $75,000.00, exclusive of interest and costs.  Therefore, jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1332.

   **ANSWER:**   Answering Paragraph 1, Hartford admits the averments therein contained.

2.      Venue is proper in this district since a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois. 28 U.S.C. §1391(a).

   **ANSWER:**   Answering Paragraph 2, Hartford admits the averments of Paragraph 2.

### Nature of Action

3.      This is a claim for breach of a contract of disability income insurance issued to the plaintiff to provide monthly disability income benefits to plaintiff if he became disabled.  Plaintiff also alleges that defendant is guilty of unreasonable and vexatious delay in its refusal to

pay disability income benefits to the plaintiff, and that plaintiff is entitled to recover penalties and attorneys' fees pursuant to 215 ILCS 5/155.

**ANSWER:**    Answering Paragraph 3, Hartford admits only that Plaintiff contends that Hartford breached a contract to provide monthly benefits to Plaintiff in the event that he became "Totally Disabled" as defined by the contract.    Answering further, Hartford admits only that Plaintiff contends that Hartford is liable to him under 215 ILCS 5/155.    Hartford denies the remaining averments of Paragraph 3.

4.    The plaintiff, ROBERT DUNN ("Dunn"), DOB 06/02/1951, is a resident of Northbrook, Illinois.

**ANSWER:**    Answering Paragraph 4, Hartford admits on information and belief that Plaintiff's date of birth is June 2, 1951 and that Plaintiff is a resident of Northbrook, Illinois.

5.    The defendant, Hartford Life and Accident Insurance Company, is an insurance company authorized and engaged in insurance business in the State of Illinois and in Cook County.

**ANSWER:**    Answering Paragraph 5, Hartford admits the averments therein contained.

### *Statement of Facts*

6.    For and in consideration of premiums paid, Dunn received disability insurance coverage under a Group policy for members of B'nai Brith originally issued by Continental Casualty Company ("CNA"), later purchased by Hartford Life and Accident Insurance Company as a successor in interest to CNA, providing for payment of monthly indemnity of $1,200 a month in the event Dunn became "totally disabled." The Policy uses the following definition to determine disability:

"Total Disability/Totally Disabled" means that, during the Elimination Period and the Insured Employee Occupation Period (24 months), the Insured, because of Injury or Sickness, is:

1.    continuously unable to perform the substantial and material duties of his regular occupation;

2.    under the regular care of a licensed physician other than himself; and

3.    not gainfully employed in any occupation for which he is or becomes qualified by education training or experience.

Thereafter, "Total Disability" means that, because of Injury or Sickness the Insured is:

1.   continuously unable to engage in any occupation for which he is or becomes qualified by education, training or experience; and

2.   under the regular care of a licensed physician other than himself.

(A true and correct copy of the entire policy of insurance is attached hereto as Exhibit "A" and by that reference incorporated herein.)

**ANSWER:**    Answering Paragraph 6, Hartford admits that in consideration for premiums paid Plaintiff was covered under a group disability policy that Continental Casualty Company issued to B'nai B'rith International, Inc., which policy covered B'nai B'rith's eligible members in accordance with the policy's terms, conditions, limitations, and exclusions. Hartford further admits that Plaintiff was paid $1,200 per month while he was "Totally Disabled" as defined in the contract. Answering further, Hartford admits that a copy of the policy of insurance is among the documents attached to Plaintiff's Amended Complaint as Exhibit A. Hartford denies the remaining averments of Paragraph 6.

7.      In consideration of premiums paid, said policy has remained in full force and effect from the date of its inception.

**ANSWER:**    Answering Paragraph 7, Hartford admits the averments therein contained.

8.      Dunn was employed as a floor broker until December 4, 1996. On that date he was unable to continue working after being bumped and aggravating a back injury.

**ANSWER:**    Answering Paragraph 8, Hartford admits that Plaintiff was employed as a floor broker until December 4, 1996. Answering further, Hartford admits that on December 4, 1996, Plaintiff was bumped, aggravating a back injury that left him unable to continue working for a period of time. Hartford denies the remaining averments of Paragraph 8.

3

9.      Dunn applied for and received disability benefits beginning January 5, 1997. These benefits continued without interruption until October 30, 2006.

**ANSWER:**    Answering Paragraph 9, Hartford admits the averments therein contained.

10.      While receiving benefits from the defendant, Dunn's disability was supported by his treating physicians on a continuous basis. On October 30, 2006, defendant terminated Dunn's benefits despite a lack of change in Dunn's condition.

**ANSWER:**    Answering Paragraph 10, Hartford admits only that it terminated

Plaintiff's benefits under the contract on October 30, 2006.  Hartford denies the remaining

averments of Paragraph 10.

11.      Despite support for Dunn's claim with records and reports from treating and examining physicians and a report by a certified rehabilitation counselor/vocational expert finding Dunn's impairments would keep him from performing his duties as a floor broker, defendant has refused and continues to refuse to make benefit payments despite a demand by Dunn that it do so.

**ANSWER:**    Answering Paragraph 11, Hartford admits only that it has refused and

continues to refuse to pay benefits to Plaintiff because he is not "Totally Disabled" as defined by

the contract.  Hartford denies the remaining averments of Paragraph 11.

12.      As a result of the foregoing, there is due and owing to the plaintiff by reason of defendant's breach of the foregoing contract of insurance, payments due since approximately July of 2004, as well as well as interest payable thereon at a rate of 4% per annum pursuant to 215 ILCS 5/357.9.  In addition thereto, plaintiff is entitled to a declaratory judgment declaring his ongoing entitlement to monthly benefits so long as he continues to meet the terms and conditions of the insurance policy.

**ANSWER:**    Answering Paragraph 12, Hartford denies the averments therein contained.

**WHEREFORE**, Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE

COMPANY, denies that Plaintiff is entitled to the relief sought in Count I, or to any relief

whatsoever, and hereby requests judgment in its favor and against Plaintiff on Count I of his

Amended Complaint.

*Count II*

For Count II of his complaint, plaintiff states:

1-12.    Plaintiff re-alleges paragraphs 1-12 of Count I as paragraphs 1-12 of Count II of
this Complaint, and by that reference, incorporates those allegations herein.

**ANSWER:**    Answering Paragraphs 1-12, Hartford asserts its responses to Paragraphs

1-12 of Plaintiff's Count I as and for its responses to Paragraphs 1-12 of Plaintiff's Count II.

13.    There is and was in effect in the State of Illinois at all times relevant hereto, a
statute codified at 215 ILCS 5/155 which allows the court to assess penalties and attorneys' fees
against an insurance company that acts vexatiously and unreasonably.

**ANSWER:**    Answering Paragraph 13, Hartford denies the averments of Paragraph 13

on the grounds that the provisions of 215 ILCS 5/155 speak for themselves.

14.    Defendant's refusal to grant plaintiff his benefit payments in the face of the
medical and vocational evidence establishing his disability, constitutes an unreasonable and
vexatious delay or refusal of payment on a claim since defendant has refused to make disability
payments despite the submission of valid and well-supported proofs of claim; and there is no
legitimate dispute as to plaintiff s entitlement to benefits.

**ANSWER:**    Answering Paragraph 14, Hartford denies the averments therein contained.

**WHEREFORE**, Defendant HARTFORD LIFE AND ACCIDENT INSURANCE

COMPANY denies that Plaintiff is entitled to the relief sought in Count II, or to any relief

whatsoever, and hereby requests judgment in its favor and against Plaintiff on Count II of his

Amended Complaint.

## AFFIRMATIVE DEFENSES

1. Hartford gave full consideration to all of the evidence submitted in support of Plaintiff's claim and its denial was reasonable in light of that evidence and the terms of the disability insurance contract between the parties.

2. Plaintiff has failed to fulfill his obligation under the disability insurance contract to establish that he is eligible for the benefits thereunder.

3. Plaintiff fails to state a claim upon which relief can be granted.

**WHEREFORE**, Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY denies that Plaintiff is entitled to the relief sought in his Amended Complaint, or to any relief whatsoever, and hereby requests judgment in its favor and against Plaintiff on all Counts of his Amended Complaint.

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY**

By:    /s/Joseph R. Jeffery
        One of its Attorneys

Donald A. Murday
Joseph R. Jeffery
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (fax)
O:\HA815\41091-Dunn\PLDGS\Answer 1st Amend Complaint.doc

6

*Certificate of Service*

I hereby certify that on **April 11, 2008** I electronically filed the foregoing Defendant Hartford Life and Accident Insurance Company's Answer to Complaint with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

>
> David A. Bryant, Esq.
> Daley, DeBofsky & Bryant
> 55 W. Monroe Street, Suite 2440
> Chicago, Illinois  60603
> dabryant@ddbchicago.com

**DATED** this **11th** day of **April, 2008.**

>
>  /s/ Joseph R. Jeffery_____
> CHITTENDEN, MURDAY & NOVOTNY LLC
> 303 West Madison Street, Suite 1400
> Chicago, Illinois  60606
> (312) 281-3600
> (312) 281-3678 (fax)
> jjeffery@cmn-law.com