IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT DUNN, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Case No. 07-cv-6601 |
| v. | ) |
| | )   Judge Manning |
| THE HARTFORD LIFE AND | )   Magistrate Judge Valdez |
| ACCIDENT INSURANCE COMPANY | ) |
| | ) |
|     Defendant. | ) |

**AGREED MOTION FOR ENTRY OF A QUALIFIED
PROTECTIVE ORDER PURSUANT TO THE HEALTH
INFORMATION PORTABILITY AND ACCOUNTABILITY ACT**

Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford"), with Plaintiff's agreement, requests that this Court enter a HIPAA Qualified Protective Order in the form attached hereto as Exhibit A.  In support of this Motion, Hartford states:

1.    The parties anticipate that they will need to discover information that qualifies as "individually identifiable health information"[1] under the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. 300gg, *et seq.*, and the federal regulations promulgated thereunder.

2.    Federal regulations prohibit parties in possession of such information from disclosing that information in the absence of a "qualified protective order" that meets the requirements of 45 C.F.R. §§ 164.512(e)(1)(ii)(B) and (v).

---

[1]   "Individually identifiable health information" is information that: (1) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and (2) relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual when that information identifies the individual or contains enough information to reasonably believe that the information could be used to identify the individual. 45 C.F.R. § 160.103.

3.   A "qualified protective order," as defined by federal regulations, is a court order that: (i) prohibits parties from using or disclosing individually identifiable health information for any purpose other than the litigation or proceeding for which such information was requested; and (ii) requires the party receiving such information to return it to the party that provided it or to destroy such information, including all copies made, at the end of the litigation or proceeding that necessitated its disclosure.  45 C.F.R. § 164.512(e)(1)(v).  The proposed HIPAA Qualified Protective Order attached hereto as Exhibit A satisfies those requirements.

4.   Counsel for Plaintiff advised that Plaintiff joins Hartford's request for the entry of the proposed HIPAA Qualified Protective Order.

**WHEREFORE**, Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, with Plaintiff's agreement, respectfully requests that this Court enter the proposed HIPAA Qualified Protective Order in the form attached hereto as Exhibit A.

Respectfully submitted,

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

By:  s/ Joseph R. Jeffery
      One of Its Attorneys

Donald A. Murday
Joseph R. Jeffery
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois  60606
312/281-3600
O:\HA815\41091-Dunn\PLDGS\Motion Qualified Protective Order - Final.doc