**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT DUNN, )<br>)<br>    Plaintiff, )<br>) Case No. 07-cv-6601<br>v. )<br>) Judge Manning<br>THE HARTFORD LIFE AND ) Magistrate Judge Valdez<br>ACCIDENT INSURANCE COMPANY )<br>)<br>    Defendant. ) | |

## MOTION TO QUASH SUBPOENAS FOR CERTAIN RECORDS

Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford"), by its attorneys Donald A. Murday, Joseph R. Jeffery, and Chittenden, Murday & Novotny LLC, moves the court for entry of an Order quashing Plaintiff's subpoenas as to certain records.  In support of this Motion, Hartford states:

1.   Plaintiff's two-count Amended Complaint asserts claims for breach of a disability insurance contract and for violations of Section 155 of the Illinois Insurance Code, namely that Hartford's denial of Plaintiff's claim for benefits was vexatious and unreasonable.

2.   Plaintiff proposes a fishing expedition to investigate whether the opinion of the medical consultant Hartford retained to review Plaintiff's medical records was motivated by a bias in favor of Hartford.  To that end, Plaintiff served subpoenas on the medical consultant, Robert Y. Pick, M.D., and the consulting agency to which Hartford sent Plaintiff's file, the University Disability Consortium ("UDC").

3.   Rule 26(b) of the Federal Rules of Civil Procedure sets the standard for the scope of permissible discovery: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any

party's claim or defense …." Fed. R. Civ. P. 26(b).  District courts have the power to quash subpoenas that seek information not relevant to the merits of a case.  *See Automated Solutions Corp. v. Paragon Data Systems, Inc.*, 231 Fed. Appx. 495, 497, 2007 WL 1302115 *2 (7th Cir. 2007)(affirming the district court's decision to quash a subpoena on relevance grounds); *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) (same); and *Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618, 621 (S.D. Ill. 2007) (citing Advisory Committee Notes to 1970 Amendment to Rule 45(d) for the proposition that "[t]he scope of production under a subpoena is the same as the scope for discovery generally under Rule 26.").

    4.    The issue of bias is not remotely relevant to Plaintiff's actions for breach of contract and extra-contractual damages under the Illinois Insurance Code.  Consequently, a significant portion of the records Plaintiff subpoenaed are not relevant to any party's claim or defense ("Subpoenaed Records") and, therefore, are beyond the scope of discovery permitted under the Federal Rules of Civil Procedure.  Accordingly, this Court must quash Plaintiff's subpoenas for those records.

    5.    Furthermore, district courts have the power to prohibit discovery in order to protect parties or persons from discovery that imposes an undue burden. Fed. R. Civ. P. 26(c) and 45(c)(3)(A).  When determining whether a records subpoena imposes an undue burden, the court "must balance the burden of compliance against the benefits of the requested production." *Bond v. Utreras*, 2006 WL 1806387 *4 (N.D. Ill. 2006).  That inquiry "turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.*

6. The Subpoenaed Records are either irrelevant, overly broad, impermissibly vague, or all of the above. Because the Subpoenaed Records go to bias, an issue that is not remotely relevant to the claims and defenses in this action, Plaintiff has no need for those Records, at least not in this case. The balance of the factors confirms that the burdens of complying with the subpoena far outweigh any benefit to be gained by requiring Dr. Pick and UDC to comply with them. Accordingly, this Court must enter an order quashing Plaintiff's subpoena request for the Subpoenaed Records or, alternatively, enter a protective order directing that the discovery not be had.

7. Hartford incorporates by reference its Memorandum In Support of Motion to Quash Subpoenas for Certain Records, which Memorandum Hartford filed contemporaneously with this Motion.

**WHEREFORE**, Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, respectfully requests that the court enter an Order quashing Plaintiff's subpoenas as to certain records or, alternatively, entering a protective order directing that the discovery not be had and for such other relief as this Court deems just.

                                           **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

                                           By:   /s/Joseph R. Jeffery
                                                     One of its Attorneys

Donald A. Murday
Joseph R. Jeffery
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (fax)
O:\HA815\41091-Dunn\PLDGS\Motion to Quash.doc

3

## *Certificate of Service*

I hereby certify that on **May 22, 2008** I electronically filed the foregoing Defendant Hartford Life and Accident Insurance Company's Motion to Quash Subpoenas for Certain Records with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participants:

>David A. Bryant, Esq.
>Daley, DeBofsky & Bryant
>55 W. Monroe Street, Suite 2440
>Chicago, Illinois 60603
>dabryant@ddbchicago.com

**DATED** this **22nd** day of **May, 2008.**

>/s/ Joseph R. Jeffery
>CHITTENDEN, MURDAY & NOVOTNY LLC
>303 West Madison Street, Suite 1400
>Chicago, Illinois 60606
>(312) 281-3600
>(312) 281-3678 (fax)
>jjeffery@cmn-law.com