**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ROBERT DUNN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07-cv-6601 |
| v. ) | |
| ) | Judge Manning |
| **THE HARTFORD LIFE AND** ) | Magistrate Judge Valdez |
| **ACCIDENT INSURANCE COMPANY** ) | |
| ) | |
| **Defendant.** ) | |

### HIPAA QUALIFIED PROTECTIVE ORDER

Plaintiff, ROBERT DUNN, and Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford"), recognize the need to provide for the expeditious transfer of Protected Health Information ("PHI") to other parties and to their representatives in connection with this litigation and further recognize the need to provide for the continued confidentiality of PHI. To achieve these goals, and with the agreement of the Parties:

**IT IS ORDERED** as follows:

### DEFINITIONS

"HIPAA" means the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2003).

"PHI" means protected health information, as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 & 164 (2003). Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

"Privacy Standards" means the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2003).

"Covered Entities" means those entities defined by 45 C.F.R. § 160.103 (2003).

"Signatories" means all parties to this litigation, their attorneys, and all non-parties that a court may subsequently recognize as a signatory of this qualified protective order.

## TERMS AND LIMITATIONS

1. The Signatories are familiar with HIPAA and the Privacy Standards.

2. The Signatories recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit PHI of current and future parties, third-parties, and non-parties to other parties, third-parties, and non-parties and their attorneys and representatives.

3. Notwithstanding federal or state law limiting the Signatories' and Covered Entities' authority to disclose PHI, the Signatories and Covered Entities are permitted to release all PHI in their possession in response to a subpoena, discovery request or other lawful process, provided the PHI is relevant to the issues presented in this litigation.

4. The Signatories agree not to use or disclose the PHI released for this lawsuit for any other purpose or in any other proceeding.

5. The Signatories are permitted to use the PHI in any manner that is reasonably connected with this lawsuit. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

6. The Signatories agree that within 90 days of the issuance of a final order, or the extinguishment of all appeals, all Signatories that obtained PHI during the course of this lawsuit shall destroy said PHI or return it to the covered entity from which it obtained the PHI.

**DATED: 5/22/08**          **ENTERED:**

_Maria Valdez_

Magistrate Judge Maria Valdez

F:\HIPAA Protective Order rev - Final.wpd